# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **NATIONAL ASSOCIATION OF THE DEAF** § <br> 8630 Fenton Street, Suite 820 § <br> Silver Spring, MD 20910 § <br> § <br> and § <br> § <br> **ROBERT UHREN** § <br> 9624 W. Higgins Road § <br> Unit 2G-N § <br> Rosemont, IL 60018 § <br> § <br> and § <br> § <br> **BRENT SHIVER** § <br> 2912 Grimes Ranch Road § <br> Austin, TX 78732 § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> **TD AMERITRADE HOLDING CORPORATION,** § <br> § <br> **TD AMERITRADE CLEARING, INC.** § <br> § <br> **TD AMERITRADE, INC.** § <br> § <br> <u>Registered Agent</u> § <br> Incorporating Services, LTD § <br> 901 S. 2nd Street, Suite 201 § <br> Springfield, IL 62704 § <br> § <br> Defendants. § | **CIVIL ACTION NO**: _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, the National Association of the Deaf, Robert Uhren, and Brent Shiver, by and through their undersigned counsel, respectfully file this Original Complaint and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, an association of deaf individuals and two deaf individuals, bring this lawsuit against TD Ameritrade Holding Corporation, TD Ameritrade Clearing, Inc., and TD Ameritrade, Inc. (hereinafter "Defendants") alleging that Defendants violate Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189, by refusing to provide captioning on its websites to make them accessible to individuals who are deaf or hard of hearing. Plaintiffs bring this lawsuit to compel Defendants to cease their unlawful discriminatory practices, and to implement policies that will ensure effective communication and an equal opportunity to participate in and benefit from Defendants' services. Plaintiffs seek declaratory and injunctive relief and attorneys' fees and costs.

## PARTIES

2. Plaintiff, the National Association of the Deaf (hereinafter "NAD") is a Maryland nonprofit corporation. It is a membership organization of deaf individuals throughout the United States. NAD has an office at 8630 Fenton Street, Suite 820, Silver Spring, MD 20910.

3. Plaintiff, Robert Uhren, resides at 9624 W. Higgins Road, Unit 2G-N, Rosemont, IL 60018.

4. Plaintiff, Brent Shiver, resides at 2912 Grimes Ranch Road, Austin, TX 78732.

5. TD Ameritrade Holding Corporation is a financial institution that owns, operates, and/or leases a place of public accommodation and provides financial services to institutions and individuals in states including, but not limited to, Illinois. Defendant has headquarters at 200 South 108th Avenue, Omaha, Nebraska 68154. Defendant's registered agent is Incorporating Services, LTD at 901 S. 2nd Street, Suite 201, Springfield, IL 62704.

6. TD Ameritrade Clearing, Inc. is a financial institution that owns, operates, and/or leases a place of public accommodation and provides financial services to institutions and individuals in states including, but not limited to, Illinois. Defendant has headquarters at 200 South 108th Avenue, Omaha, Nebraska 68154. Defendant's registered agent is Incorporating Services, LTD at 901 S. 2nd Street, Suite 201, Springfield, IL 62704.

7. TD Ameritrade, Inc. is a financial institution that owns, operates, and/or leases a place of public accommodation and provides financial services to institutions and individuals in states including, but not limited to, Illinois. Defendant has headquarters at 200 South 108th Avenue, Omaha, Nebraska 68154. Defendant's registered agent is Incorporating Services, LTD at 901 S. 2nd Street, Suite 201, Springfield, IL 62704.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because: (i) NAD has members who reside in the District; (ii) Mr. Uhren resides within the District; (iii) Defendants operate physical branch locations within the District, including in Chicago, and has sufficient contacts within this District to subject it to personal jurisdiction at the time this action is commenced; and (iv) the acts and omissions giving rise to this Complaint have occurred within this District.

## FACTUAL ALLEGATIONS

10. NAD is a membership organization comprised of individuals who are deaf or hard of hearing.

11. NAD members include individuals who are substantially limited in the major life activities of hearing and/or speaking.

12. NAD advocates, *inter alia*, for the full and equal participation of its members in all aspects of society. The organization is devoted to the goal of full inclusion, equality, and civil rights for its members, who are deaf and hard of hearing individuals and whose lives are directly affected by hearing loss, including family members and professional service providers. NAD's work is based on a close association with its members. There are deaf and hard of hearing members who are customers of TD Ameritrade and use TD Ameritrade's online services, and have their own right to sue Defendants. Accordingly, the interests that NAD seeks to protect through this litigation are germane to its mission and purpose.

13. Robert Uhren is a member of NAD.

14. Robert Uhren is deaf. He is substantially limited in the major life activities of hearing and speaking.

15. Brent Shiver is a member of NAD.

16. Brent Shiver is deaf. He is substantially limited in the major life activities of hearing and speaking.

17. Defendants operate physical branch locations throughout the United States, including in Chicago, offering financial services.

18. Defendants operate a number of websites, including a trading platform called thinkorswim. Through these websites, users can learn about investing in the stock market.

19. The thinkorswim websites provide users with audio and audiovisual content explaining how to use the trading platform.

20. The websites also provide users with audio and audiovisual content, including, *inter alia*, educational videos about the process of investing, news videos explaining recent developments in the markets, and videos highlighting possible market investments.

21. On or about February 9, 2015, NAD sent a letter to Defendants requesting captioning for the audio and audiovisual content on the thinkorswim platform. The letter is attached as Exhibit A.

22. On or about March 11, 2015, Defendants responded that they do not provide captioning for the audio or audiovisual content online. The letter is attached as Exhibit B.

23. Brent Shiver is a client of TD Ameritrade and thinkorswim. He is deaf and unable to understand the audio and audiovisual content on the websites.

24. Mr. Shiver has repeatedly requested that Defendants provide captioning for the audio and audiovisual content on the websites.

25. Despite knowledge of Mr. Shiver's inability to understand the audio and audiovisual content on the websites and his repeated requests for captioning, Defendants have refused to provide captioning.

26. Robert Uhren is a deaf individual interested in learning more about investments.

27. Due to the lack of captioning, the thinkorswim platform is inaccessible to Mr. Uhren.

28. Mr. Uhren would like to open an account with thinkorswim and plans to do so when the audio and audiovisual content on the websites is made accessible to individuals who are deaf or hard of hearing.

29. Defendants have and will continue to discriminate against individuals who are deaf or hard of hearing, including Mr. Shiver and Mr. Uhren and other members of NAD, on the basis of disability by refusing to provide captioning for individuals who are deaf or hard of hearing.

### COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT

30. Plaintiffs repeat and re-allege the foregoing paragraphs in support of this claim.

31. Members of the National Association of the Deaf, including Brent Shiver and Robert Uhren, are substantially limited in the major life activities of hearing and speaking. Accordingly, they are individuals with a disability as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2).

32. Defendants own, lease, and/or operate a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7).

33. Defendants have discriminated and continue to discriminate against Plaintiffs on the basis of disability by denying members of NAD, including Brent Shiver and Robert Uhren, equal access to the services, programs, and benefits offered to others because Defendants refuse to make their website accessible to individuals who are deaf or hard of hearing, in violation of Title III of the Americans with Disabilities Act.

## RELIEF

Plaintiffs respectfully request that this Court provide the following relief:

a. issue a declaratory judgment that Defendants' policies, procedures, and practices subjected Brent Shiver and Robert Uhren and members of the National Association of the Deaf to discrimination in violation of Title III of the Americans with Disabilities Act;

b. enjoin Defendants from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf or hard of hearing, such as Plaintiffs, full and equal access to and an equal opportunity to participate in and benefit from Defendants' services or programs;

c. enjoin Defendants from implementing or enforcing any policy, procedure, or practice that limits or restricts individuals who are deaf or hard of hearing, such as Plaintiffs, from the full and equal enjoyment of Defendants' websites;

d. order Defendants to develop and comply with written policies, procedures, and practices to ensure that Defendants do not discriminate in the future against Plaintiffs

7

and other similarly situated individuals who are deaf, hard of hearing, or have speech impairments;

  e.  order Defendants to make fully accessible to individuals who are deaf or hard of hearing all audio and audiovisual content on its websites.

  f.  order Defendants to train all representatives and employees about Plaintiffs' rights and the rights of individuals who are deaf, hard of hearing, or have speech impairments, as well as provide training on Defendants' policies and procedures on making Defendants' websites accessible;

  g.  award Plaintiffs their attorneys' costs and fees;

  h.  award any and all other relief that this Court finds necessary and appropriate.

Respectfully submitted,

By:   /s/_____
Howard A. Rosenblum
Marc Charmatz*
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Phone: (301) 587-1788
Fax: (301) 587-1791
howard.rosenblum@nad.org

Daniel Austin
Austin Law Group LLC
55 West Wacker Drive
Suite 1400
Chicago, IL 60601
Phone: (312) 829-2300
Fax: (630) 749-4111

        austinlawgroup@outlook.com

        Michael Stein*
        Stein & Vargas, LLP
        1155 F Street, NW
        Suite 1050
        Washington, DC 20004
        Phone: (202) 559-8609
        Fax: (888) 778-4620
        michael.stein@steinvargas.com

        * Pending motion for admission pro hac vice pending

        *Attorneys for Plaintiffs*

Attorneys for Plaintiff gratefully acknowledge the support and work of Arjeta Albani, a student from the University of Maryland Carey School of Law.